J-S75025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT GEORGE JUFER | |
| Appellant | No. 786 EDA 2014 |

Appeal from the Judgment of Sentence January 2, 2014
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000143-2013

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:  **FILED FEBRUARY 09, 2015**

Robert George Jufer appeals from his judgment of sentence, imposed in the Court of Common Pleas of Wayne County, after he entered an open guilty plea to one count each of voluntary manslaughter – provocation[1] and tampering with or fabricating physical evidence.[2]  After careful review, we affirm.

At Jufer's guilty plea hearing, the Commonwealth recited the facts of this case as follows:

> On the morning of October 17, 2010 the Pennsylvania State Police received a 9-1-1 call from [Jufer] stating that he had been attacked in his home and that his wife was still in the home. . . . When [Trooper John Decker] went inside he found the door

_____

[1] 18 Pa.C.S.A. § 2503(a)(1).

[2] 18 Pa.C.S.A. § 4910(2).

unlocked, garbage on the kitchen floor, empty prescription pill bottles on the hallway floor, two dressers dumped out on a bed in a bedroom, a shotgun lying on a floor to a bedroom and in that same bedroom Mrs. June Jufer in her bed dead of a shotgun wound to the head.

. . .

[T]he defendant has stated that in the early evening hours of October 16, 2010 a stressful argument began with [him] and his wife[.] They went to bed after yelling at each other and without resolving the conflict. On the morning of October 17, 2010 [Jufer] stated he awoke [and] went outside with a loaded 12 gauge shotgun to shoot at a muskrat that had been causing damage to his pond spillway. [Jufer] then returned to his residence and [Mrs. Jufer] was awake. They began arguing again over his spending and his hoarding in the house and the argument became very heated. [Jufer] stated that [Mrs. Jufer] provoked that argument and during it she went back to her bed and they continued to argue. Immediately thereafter and without ending the argument and while still extremely upset, [Jufer] entered [Mrs. Jufer's] bedroom, and acting under sudden and intense passion[,] discharged the shotgun[,] killing June Jufer.

Following this act [Jufer] emptied the dresser drawers onto his bed, placed empty prescription bottles on the hallway floor, set the weapon down in the victim's bedroom and spilled garbage on the kitchen floor to make it appear to anyone who came that the home had been burglarized.

N.T. Guilty Plea, 10/24/13, at 5-6.

Jufer was charged with criminal homicide by criminal complaint issued on February 6, 2013. Following pretrial proceedings, the Commonwealth filed two amended informations, ultimately charging Jufer with criminal homicide, voluntary manslaughter – provocation, and tampering with or fabricating evidence. On October 24, 2013, Jufer pled guilty to voluntary manslaughter and tampering with physical evidence. On January 2, 2014,

- 2 -

the trial court sentenced Jufer to 84 to 168 months' imprisonment. Jufer's post-sentence motions were denied and this timely appeal follows, in which Jufer raises the following issue for our review:

> Did the trial court err and abuse its discretion by imposing a manifestly excessive sentence at the highest end of the aggravated range of the Pennsylvania Sentencing Guidelines, by failing to consider the relevant sentencing criteria of the Pennsylvania Sentencing Code, the presence of mitigating circumstances, failing to state sufficient reasons on the record for the sentence imposed and by solely focusing on [Jufer's] struggle to admit his culpability in the death of his wife of 40 years, erroneously characterizing the same as a lie and an inability to take responsibility for his actions or show remorse?

Brief of Appellant, at 5.

Jufer challenges the discretionary aspects of his sentence. Such a challenge must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. ***Commonwealth v. Raven***, 97 A.3d 1244, 1252 (Pa. Super. 2014) (citation omitted).

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 2014 PA Super 242, *20 (Pa. Super. 2014) (some punctuation omitted).

Here, Jufer preserved his claim by filing a motion for modification of sentence, followed by a timely appeal. In addition, Jufer's appellate brief contains a statement[3] of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f), in which he claims that the court imposed a manifestly excessive sentence by: (1) failing to consider numerous mitigating factors, such as his age, lack of prior record, personal characteristics, reputation for non-violence and willingness to assist others; (2) relying on impermissible factors; and (3) failing to sufficiently express on the record its reasons for imposing an aggravated sentence. Brief of Appellant, at 13-16.

This Court has held that an excessive sentence claim—in conjunction with an assertion that the trial court failed to consider mitigating factors—raises a substantial question. **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014). Accordingly, we will review Jufer's first claim.

We begin by noting that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Id.** In this context, an abuse

---

[3] We note that Jufer's "concise statement" spans 3½ single-spaced pages, includes a relatively lengthy and unnecessary recitation of facts and is redundant. The word "concise" is defined as "marked by brevity of expression or statement; free from all elaboration and superfluous detail." Merriam-Webster, http://www.merriam-webster.com/dictionary/concise (visited 1/15/15). In the future, counsel is advised to be mindful of this definition in drafting Rule 2119(f) concise statements.

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.*

An appellate court shall vacate a sentence and remand the case to the sentencing court with instructions if it finds:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court. 42 Pa.C.S.A. § 9781(c).

> In reviewing the record, we consider:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Because Jufer was sentenced within the guidelines, we may reverse only if application of the guidelines is clearly unreasonable, which generally

- 5 -

means a decision that is either irrational or not guided by sound judgment. *Commonwealth v. Macias*, 968 A.2d 773, 777 (Pa. Super. 2009).

Here, Jufer claims that the trial court did not properly consider mitigating circumstances when imposing an aggravated-range sentence. In particular, Jufer cites to his age, close familial relationships, peaceable nature, positive employment history, military service, lack of criminal or motor vehicle record, age and neighborliness. This claim has no merit.

Where a pre-sentence report exists, we presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Here, the court was in possession of a pre-sentence report (to which Jufer did not object or have anything to add) and stated that it had read "every page" of it. N.T. Sentencing, 1/2/14, at 7. Moreover,

> At [Jufer's] sentencing hearing, the [c]ourt acknowledged that [Jufer] was seventy-two (72) years old, had no prior criminal record or motor vehicle history, and served his country for two (2) years while in the army. The [c]ourt also recognized that [Jufer] had achieved an associate's degree, had great employment history, and was in retirement for the past twenty (20) years. The [c]ourt read each page of [Jufer's] Pre-Sentence Report and each one of the letters written on [Jufer's] behalf by his family and friends.

Trial Court Statement of Reasons, 5/5/14, at 4.

As it is clear the court considered mitigating factors, Jufer's first claim garners him no relief.

Jufer next claims that the court relied on impermissible factors in arriving at his sentence. This Court has repeatedly found a substantial question based upon a claim that the sentence is excessive because the trial court relied on impermissible factors. *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003). Accordingly, we will address the merits of this claim.

Jufer alleges that the trial court, in imposing an aggravated-range sentence, impermissibly focused on: (1) his statement to adult probation during the preparation of his pre-sentence report, denying responsibility for the crime; (2) his perceived lack of emotion and remorse for his actions; and (3) his failure to come forward for three years. Jufer claims the last allegedly impermissible factor violated his constitutional right to remain silent.

A sentencing court possesses broad discretion in sentencing a defendant. *Commonwealth v. Allen*, 24 A.3d 1058, 1065 (Pa. Super. 2011). This Court, therefore, accords the sentencing judge great deference as it is the sentencing judge that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *Id.* A sentencing court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *Id.* We can discern no abuse of discretion here.

After imposing sentence, the trial court stated that "[t]he sentence is in the aggravated range because of your lying to the probation officer and because you show absolutely no remorse for killing your wife of more than 40 years." N.T. Sentencing, 1/2/14, at 12. These factors, while clearly weighing against the defendant, are factors that the court may consider in fashioning its sentence. *See Commonwealth v. Matroni*, 923 A.2d 444, 455 (Pa. Super. 2007) (consideration of defendant's level of remorse not impermissible); *Commonwealth v. Miller*, 965 A.2d 276, 280 (Pa. Super. 2009) (where defendant pled guilty, failure to accept responsibility permissible factor for consideration in fashioning sentence).

Moreover, the court's reference to Jufer's failure to come forward for three years was not impermissible. In his brief, Jufer cites *Commonwealth v. Bethea*, 379 A.2d 102 (Pa. 1977), in which our Supreme Court reaffirmed that it was constitutionally impermissible for a trial court to impose a more severe sentence because defendant chose to stand trial rather than plead guilty. By analogy, Jufer claims that, in considering his failure to come forward, the trial court violated his right to remain silent and, under *Bethea*, his sentence should be vacated. This argument fails. Here, Jufer pled guilty and admitted to killing his wife. As such, it is disingenuous of him to argue that his right against self-incrimination was violated by the court's passing mention of the three years it took before Jufer admitted his guilt. In imposing sentence, it is clear that the trial court considered the nature and circumstances of the offense, as well as the history and characteristics of the

defendant, in particular those mitigating circumstances set forth by counsel at sentencing and by Jufer's family and friends in their letters to the court. *See* N.T. Sentencing, 1/2/14, at 7-8. Accordingly, we conclude that Jufer's sentence was not based upon the consideration of impermissible factors.

Jufer last claims that the trial court erred by failing to sufficiently express its reasons for imposing an aggravated-range sentence. This Court has held that claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014).

Here, Jufer's claim is belied by the sentencing transcript. In its sentencing colloquy, the court noted the following: (1) Jufer shot his defenseless wife in the back of the head while she slept, N.T. Sentencing, 1/2/14, at 9; (2) Jufer engaged in an extensive cover up of his crime, *id.* at 9-11; (3) even after pleading guilty, Jufer continued to deny responsibility for the killing, *id.* at 11-12; and (4) Jufer showed a lack of remorse, stating in court that the killing was "just a thing that happened." *Id.* at 7; Trial Court Statement of Reasons, 5/5/14, at 5. Based on the factors stated on the record by the trial court, we cannot conclude that the sentence imposed by the court was clearly unreasonable. *Macias*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2015