**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Martin Paul ALLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 18, 2011.

Filed July 12, 2011.

Nicole D. Sloane, Public Defender, Erie, for appellant.

John H. Daneri, Assistant District Attorney, and Justin Panighetti, Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: BOWES, LAZARUS, and COLVILLE *, JJ.

OPINION BY LAZARUS, J:

Martin Paul Allen appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County. We affirm.

Allen was tried before a jury and convicted of Driving Under the Influence (DUI)—General Impairment and Highest Rate of Alcohol, 75 Pa.C.S.A. § 3802(a)(1), (c), Involuntary Manslaughter, 18 Pa. C.S.A. § 2504(a), Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705, Careless Driving, 75 Pa.C.S.A. § 3714(a), and Vehicle Turning Left, 75 Pa.C.S.A. § 3332. The court sentenced Allen to 3 to 6 months' imprisonment for the two DUI convictions, which merged, and to a consecutive term of 30 to 60 months' imprisonment for involuntary manslaughter, for a total term of 33 to 66 months' imprisonment. Both sentences started at the aggravated range and reached the statutory maximum.

On appeal, Allen argues the court abused its discretion in evidentiary rulings associated with the Commonwealth's failure to preserve the blood sample for defense testing despite the defense request that it do so. Allen also claims his sentence is illegal because the crimes of DUI (Highest Rate of Alcohol), 75 Pa.C.S.A. § 3802(c), and Involuntary Manslaughter, 18 Pa.C.S.A. § 2504, should merge for sentencing purposes, and, finally, that the court abused its discretion in sentencing him because the sentence was excessive, the court focused on the seriousness of the offense, and the court ignored other sentencing considerations. For the following reasons, we find each of Allen's claims meritless.

**Facts**

On August 21, 2008, Allen and some of his co-workers were drinking after work at Huzars Club in Erie. After several drinks, Allen drove his SUV and, while attempting a left-hand turn, crashed into Kevin Immler, who was driving his motorcycle. Immler was killed instantly.

Erie Police Officer Jay White and Sergeant Jonathan Nolan responded to the crash scene. Sergeant Nolan took Allen to Hamot Medical Center. There, Carrie Langdon, a phlebotomist, drew Allen's blood while Sergeant Nolan observed. At trial, Langdon testified to the procedures she uses in blood draws for suspected alcohol-related incidents. N.T. Jury Trial, 1/13/2009, at 206–16. Langdon explained how a blood draw for alcohol content requires special Betadine swabs for preparation, not alcohol swabs, so that the alcohol level in the blood is not altered. *Id.* at 210. She also explained the labeling procedure, matching the label to the patient's wristband, as well as the chain of release. Langdon stated that after she drew the blood and labeled it, she passed it on to Megan Ray, another hospital phlebotomist, who brought Allen's sample to the laboratory for testing. Each person who touches the sample has to sign the chain of release form. *Id.* at 212.

Megan Ray testified as well, stating that she received the sample from Langdon and handed it off to Becky Stablein, a phlebotomist and processor. *Id.* at 227. Stablein stated that as a processor, she received the sample, verified it in the system with a time and date, and verified the initials and names to make sure everything matched up. *Id.* at 235. Stablein testified that she handed the sample off to a medical technologist, Yana Buklova. *Id.* at 238.

\* Retired Senior Judge assigned to the Superior Court.

Buklova testified that she performed the laboratory testing on the blood sample, she explained the testing procedure and the quality controls, and testified that the test results showed Allen's blood-alcohol content (BAC) was .248%. *Id.* at 240–56. Dr. Eric Vey, a forensic pathologist, testified that Allen's BAC had been determined from a blood plasma test, and that when converted to whole blood, it was actually .210%, still almost three times the legal limit. N.T. Jury Trial, 1/14/2010, at 168–69. Paul Huckno, the director of Hamot's risk management, testified that the blood sample was destroyed in accordance with hospital laboratory procedure before it could be independently tested. N.T. Jury Trial, 1/15/2009, at 81–87.

Prior to trial, Allen filed a motion for court ordered production of the blood sample for independent testing. The court held an evidentiary hearing on Allen's motion. Both Huckno and Cozella Eckroat, the manager of Hamot's laboratory, testified.

Eckroat testified that according to the hospital policy, the samples are preserved for seven days. N.T. Pretrial Hearing, 3/4/2009, at 7. Eckroat also testified that the samples are preserved longer if requested by a physician or by subpoena. *Id.* Eckroat stated that she was not aware of a request to preserve Allen's blood sample. *Id.* at 11–13.

Huckno testified that, as part of his job, he receives all legal paperwork and refers it to the appropriate department. *Id.* at 17. Defense counsel mailed a letter to Huckno on August 25, 2008. Huckno acknowledged that he received the letter from Allen's counsel requesting preservation of the sample; however, after he received the letter he discovered that the sample had already been destroyed by the time he contacted the laboratory. *Id.* at 18. Huckno testified that he is partially

retired, works only two days per week, and that he may not have been in the office when the letter arrived. *Id.* at 21. Following the hearing, the trial court denied Allen's motion as moot.

### Admission of BAC Test Results

■ Allen argues that the trial court erred in allowing admission of Allen's BAC where the sample was destroyed pursuant to hospital laboratory procedure prior to independent testing. First, we note that the evidence here was not necessarily exculpatory, and second, there is no showing of bad faith on the part of the Commonwealth. Pursuant to *Commonwealth v. Snyder*, 599 Pa. 656, 963 A.2d 396 (2009), Allen is not entitled to relief.

■ In *Snyder*, our Supreme Court noted the critical distinction between "materially exculpatory" and "potentially useful" evidence. There, defendants were charged with violation of the Solid Waste Management Act, 35 P.S. §§ 6018.101 *et seq.* Defendants filed a motion to suppress soil test results because the samples had been destroyed before they could perform independent tests. The Court adopted the standard in *Illinois v. Fisher*, 540 U.S. 544, 124 S.Ct. 1200, 157 L.Ed.2d 1060 (2004), and held that bad faith is required for a due process violation where merely potentially useful evidence is destroyed before the defense has an opportunity to examine it. *Snyder*, 963 A.2d at 406. The Court stated that this was the standard regardless of whether the evidence is introduced at trial and no matter how useful the evidence is to the prosecution. *Id.*

Here, Allen claims that the "charging officer made no effort to preserve [the sample]." Appellant's Brief, at 16. That assertion, however, does not establish bad faith on the part of the Commonwealth. The blood sample was destroyed as part of

the hospital's standard procedure. Further, Allen has not established that the evidence is "materially exculpatory." *Snyder, supra.* In fact, Allen does not refer to this requirement.

Here, independent test results would only be potentially useful. Further, Allen has failed to show bad faith. The trial court, therefore, properly denied Allen's request for relief. Absent bad faith, we find no error or denial of due process.[1]

### Merger

■ Allen argues the crimes of involuntary manslaughter and DUI should have merged for sentencing purposes and, therefore, his sentence is illegal. He argues that the sentencing court was bound by this Court's decision in *Commonwealth v. Huckleberry*, 429 Pa.Super. 146, 631 A.2d 1329 (1993). We disagree.

■ The issue of whether separate sentences for DUI and involuntary manslaughter should have merged is a question of law; as such, our scope of review is plenary and our standard of review is *de novo. Commonwealth v. Williams*, 920 A.2d 887 (Pa.Super.2007).

In *Huckleberry*, the defendant consumed twelve beers and then drove his vehicle, with a passenger, at an excessive rate of speed. He ultimately struck a mailbox and a tree. The passenger was ejected from the car and died as a result of his injuries. Defendant was convicted of involuntary manslaughter and DUI, and on appeal he argued that his convictions for involuntary manslaughter and DUI should have merged for sentencing purposes. This Court agreed. We reasoned that the unlawful act that formed the basis of defendant's involuntary manslaughter conviction was a violation of the DUI statute, and that Huckleberry's DUI conviction was premised on the same conduct, i.e., driving his vehicle under the influence of alcohol to a degree that rendered him incapable of driving safely as evidenced by his excessive rate of speed and the accident. *Id.* at 1333. We stated:

> When viewed in this context, the elements of the crime of DUI thus are a necessary but not sufficient subcomponent of the elements of the greater offense of involuntary manslaughter.... Because the same facts support convictions for a lesser included offense, the trial court erred in failing to merge appellant's convictions for sentencing purposes.

*Id.*[2]

Although not overruled, *Huckleberry* was decided prior to the 2002 amendment

---

1. With respect to this same issue, Allen stated in his Pa.R.A.P.1925(b) statement that the court should have issued a jury instruction on the issue of spoliation. As the trial court noted in its opinion, Allen did not request such an instruction. Allen acknowledges in his appellate brief that this issue has not been preserved for appeal. *See* Appellant's Brief, at 17, n. 4. *See also Commonwealth v. Bryant*, 579 Pa. 119, 855 A.2d 726, 739 (2004) (failure to request instruction upon introduction of evidence constitutes waiver of claim of trial court error in failing to issue instruction); Pa.R.Crim.P. 647(B) (no portions of charge or omissions therefrom may be assigned as error unless specific objections are made before jury retires to deliberate); Pa.R.A.P. 302(a)

(issues not raised in lower court are waived and cannot be raised for first time on appeal).

Additionally, the trial court noted in its opinion that it was troubled by the lack of a substitute for Huckno who could have handled the defense request for independent testing during Huckno's absence. We agree and suggest the hospital revisit its laboratory policies and procedures.

2. The Honorable Peter Paul Olszewski dissented in *Huckleberry*, stating that "while it is clear that DUI and homicide by motor vehicle merge for purposes of sentencing, it simply does not follow that DUI merges with involuntary manslaughter.... Proof of intoxication, a necessary element for conviction

to section 9765 of the Sentencing Code, which states:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act *and all of the statutory elements of one offense are included in the statutory elements of the other offense.* Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added). The elements of the offense of Driving Under the Influence, Highest Rate of Alcohol, are: "driving, operating, or being in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated, or been in actual physical control over the movement of a vehicle." 75 Pa.C.S.A. § 3802(c). The offense of involuntary manslaughter is defined as: "A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S.A. § 2504(a).

Clearly, the crimes arose from the same criminal act; however, not all of the statutory elements of each are included in the other. *See* 42 Pa.C.S.A. § 9765. The element of "causing the death of another" is not included in the elements of DUI, and the elements of driving while under the influence of alcohol are not included in the elements of involuntary manslaughter. Though both convictions arose out of the same set of facts, one can commit DUI

without committing involuntary manslaughter, and *vice-versa. See Commonwealth v. Coppedge*, 984 A.2d 562 (Pa.Super.2009) (sentences for simple assault and endangering welfare of children did not merge under statute governing merger of crimes for sentencing purposes, even though both convictions emerged from same facts).

Recently, in *Commonwealth v. Baldwin*, 604 Pa. 34, 985 A.2d 830 (2009), the Pennsylvania Supreme Court interpreted section 9765 and mandated that courts of this Commonwealth apply an elements-based test when determining questions of merger at the time of sentencing:

A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act *unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.*

*Id.* at 837 (emphasis added). The two offenses in *Baldwin*, Possession of a Firearm Without a License and Carrying a Firearm on the Public Streets of Philadelphia, each contain distinct elements, and therefore the Court concluded that, under section 9765, the consecutive sentences imposed were proper. *Baldwin*, 985 A.2d at 834. Like in *Baldwin*, the crimes of DUI and involuntary manslaughter each contain distinct elements.

We conclude that the legislature's amendment to section 9765 and our Supreme Court's holding in *Baldwin* control our decision today and, consequently, there is no merger. *See* 42 Pa.C.S.A. § 9765; *Baldwin, supra. See also Com-*

under [the DUI statute], is not required to establish the bare elements of involuntary man-

slaughter." 631 A.2d at 1334.

*monwealth v. Rhoades,* 8 A.3d 912 (Pa.Super.2010) (two counts of aggravated assault did not share identical statutory elements and thus were not subject to merger for sentencing purposes; charges were based on different subsections of statute, with one requiring assault to be caused or attempted "with a deadly weapon," which element was not contained in remaining subsection that prohibited any attempt to cause or causing of serious bodily injury but did not limit itself to any particular mode of causing such injury); *Commonwealth v. Payne,* 868 A.2d 1257 (Pa.Super.2005) (question determining whether criminal offenses arising from single transaction merge is not simply whether criminal committed one act or many; rather, important question is whether each offense requires proof of fact which other does not, and if this test is satisfied, there is no merger).

### Discretionary Challenge to Sentence

 Finally, Allen claims that the trial court abused its discretion in sentencing him because it sentenced him in the aggravated range of the Sentencing Guidelines. Our review of discretionary aspects of sentencing claims implicates the following principles:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.... An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

support so as to be clearly erroneous.... The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957, 961 (2007) (internal citations omitted). Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra,* 752 A.2d 910, 912 (Pa.Super.2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans,* 901 A.2d 528, 533 (Pa.Super.2006).

Here, in his Pa.R.A.P. 2119(f) statement, Allen states that the sentences imposed for DUI and Involuntary Manslaughter are excessive and unreasonable in that they are in the aggravated range of the Sentencing Guidelines and are the maximum sentence allowed by statute. He also states that the sentencing court relied upon impermissible factors, including considering a prior DUI without recognizing the age of the violation and comparing Allen to "a loaded gun," and stating that this was an accident "waiting to happen."

This Court has recognized that a claim that a sentence is excessive because the

trial court relied on an impermissible factor raises a substantial question. *See Commonwealth v. Miller*, 835 A.2d 377, 380 (Pa.Super.2003). Here, Allen's claims of excessiveness in conjunction with his claim that the court relied on impermissible factors does raise a substantial question. *See Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); *Miller, supra.*

The sentencing court has broad discretion in sentencing a defendant. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super.2000). This Court, therefore, accords the sentencing judge great deference as it is the sentencing judge that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *Id.* A sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *Commonwealth v. Moury*, 992 A.2d 162 (Pa.Super.2010). We find no abuse of discretion here.

Contrary to Allen's claim, the sentencing judge did consider the age of Allen's prior DUI offenses. The court stated:

> Mr. Allen, this is your fifth time before a Court. And granted, the first time you pled down to impaired which is not uncommon. **I also recognize it's been eighteen years since your last DUI conviction.... And, ladies and gentlemen, so you understand, if it's been more than ten years since the last offense then this is treated as a first offense....**

Sentencing Transcript, 03/15/2010, at 26, 27 (emphasis added).

Further, with respect to Allen's argument that the court's comparison of Allen to "a loaded gun," and its statement that this was an accident "waiting to happen,"

was a reliance on "impermissible factors," *see* Appellant's Brief, at 14, we find no error or abuse of discretion. These passing remarks were not the sole considerations in imposing sentence. The court considered a presentence investigation report, heard testimony from the defendant as well as the victim's mother, considered the gravity of the offense and the protection of the public, and considered the fact that Allen's history indicated a lack of rehabilitation. Essentially, Allen's history demonstrated that he did not take his prior offenses seriously and did not learn from his past mistakes. *See Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 13 (1988) (sentencing court has broad discretion in choosing range of permissible confinements which best suits particular defendant in circumstances surrounding his crime; however, choices must be consistent with protection of the public, gravity of offense, and the rehabilitative needs of defendant). This sentence was not based in whole or in part on those two remarks. *Commonwealth v. Gaskin*, 325 Pa.Super. 349, 472 A.2d 1154 (1984). We find no abuse of discretion.

Judgment of sentence affirmed.

