J-S46044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLEY RICHARD BACON, | : | |
| | : | |
| Appellant | : | No. 36 MDA 2014 |

Appeal from the Judgment of Sentence entered on November 25, 2013
in the Court of Common Pleas of Tioga County,
Criminal Division, No. CP-59-CR-0000378-2013

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 20, 2014**

Charley Richard Bacon ("Bacon") appeals from the judgment of sentence entered following his guilty plea to driving under the influence of alcohol-general impairment ("DUI").[1]  We affirm.

On October 14, 2013, Bacon pled guilty to violating Section 3802(a)(1) of the Motor Vehicle Code.  Upon the entry of Bacon's guilty plea, the trial court directed the preparation of a pre-sentence investigation report.  On November 25, 2013, after a hearing, the trial court sentenced Bacon to two to five years in prison.  Bacon filed a Petition for Modification of Sentence, which the trial court denied.  Thereafter, Bacon filed the instant timely appeal, followed by a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

On appeal, Bacon presents the following issues for our review:

1. Whether the trial court abused its discretion by improperly basing the aggravated range sentence[] on the number of prior DUI offenses and in denying [Bacon's Petition] to Modify Sentence based on the error?

2. Whether the trial court abused its discretion by failing to state on the record sufficient reasons for imposing aggravated range sentence[]?

Brief of Appellant at 5.

Bacon's issues implicate discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:  (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, … 901 A.2d 528, 533 (Pa. Super. 2006).

*Allen*, 24 A.3d at 1064.

Here, our review of the record discloses that Bacon timely filed his Notice of Appeal.  Our review further discloses that Bacon filed a post-sentence Petition for Modification of Sentence.  In his Petition, however, Bacon did not raise the issues he now raises on appeal.

Bacon's Petition for Modification of Sentence averred, in relevant part, the following:

> 4. [Bacon] is an employee of MedPlast in Knoxville, Pennsylvania[,] and his employer really needs him as an employee, as they have not trained anyone to take his place.
>
> 5. [Bacon] desires his sentence to be modified so he can serve his incarceration at the Tioga County Prison and be eligible for work release.

Petition for Modification of Sentence at ¶¶ 4-5. Bacon's Petition did not raise any of the issues he presently asserts on appeal. Because Bacon failed to raise these issues before the trial court, he cannot invoke this Court's jurisdiction to review the discretionary aspects of his sentence.[2] **See Allen**, 24 A.3d at 1064 (stating that, to invoke this Court's jurisdiction to review a challenge to the discretionary aspects of sentencing, the appellant must preserve the issue(s) in a post-sentence motion); **see also** Pa.R.A.P. 302(a) (providing that an issue cannot be raised for the first time on appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014

---

[2] Even if Bacon had properly preserved his issues, we would affirm based upon the reasons stated in the trial court's Opinion. **See** Trial Court Opinion, 3/19/14, at 1-2.