J-S59028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL SCHAEFER | |
| Appellant | No. 388 EDA 2014 |

Appeal from the Judgment of Sentence December 10, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005919-2012

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 03, 2014**

Michael Schaefer appeals from his judgment of sentence imposed by the Court of Common Pleas of Montgomery County after he pled guilty to nineteen counts of robbery[1] and one count of conspiracy to commit robbery.[2] Upon review, we affirm Schaefer's judgment of sentence.

This appeal stems from the robbery of a delicatessen located in Lower Merion Township, Montgomery County on July 14, 2012.  On September 13, 2013, Schaefer entered an open guilty plea to the aforementioned offenses. Following a hearing on December 10, 2013, the court sentenced Schaefer to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 903(a)(1).

an aggregate term of 15 to 30 years' incarceration followed by 10 years' probation.

On appeal, Schaefer challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

*Allen*, 24 A.3d at 1064.

Our review of the record discloses that Schaefer failed to preserve the issue he now raises on appeal. Following sentencing, Schaefer filed a motion to modify sentence, in which he requested that the court vacate his probation. Motion to Modify Sentence, 12/16/13, at 1. Now, in his Rule 1925(b) statement, Schaefer presents the following issue for our review:

> Did the court sentence [Schaefer] based solely on the seriousness of the offense and fail to consider all relevant factors where:
>
>> a) the court claimed [Schaefer] had a shotgun during the robbery when in fact he did not;

> b) the court quoted from a victim impact statement of a victim who was not present to testify, "You were going to blow someone's brains out;"
>
> c) the court quoted from the same victim's statement, "You put their faces on the floor;"
>
> d) the court claimed [Schaefer] was the organizer when there was no evidence to support the allegation; and
>
> e) the court failed to consider [Schaefer's] age and low chance of recidivism.

Brief of Appellant, at 2.

Because Schaefer failed to raise this issue before the trial court, he cannot now invoke this Court's jurisdiction to review the discretionary aspects of his sentence.[3] **See Allen**, 24 A.3d at 1064 (to invoke this Court's jurisdiction to review challenge to discretionary aspects of sentencing, appellant must preserve issue(s) in a post-sentence motion); **see also** Pa.R.A.P. 302(a) (issue cannot be raised for the first time on appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2014

_____

[3] Even if Schaefer had properly preserved his issue on appeal, we would affirm based upon the reasons stated in the trial court's opinion. **See** Trial Court Opinion, 3/3/14, at 4-11.