J-S64011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA THOMPSON | |
| Appellant | No. 283 WDA 2014 |

Appeal from the Judgment of Sentence December 16, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010016-2012

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED OCTOBER 17, 2014**

Lisa Thompson appeals from the judgment of sentence imposed by the Court of Common Pleas of Allegheny County after she pled guilty to possession with intent to deliver (PWID),[1] two counts of possession of a controlled substance,[2] and possession of drug paraphernalia.[3] Upon careful review, we dismiss the appeal.

On December 16, 2013, Thompson pled guilty to the above-referenced offenses. She waived her right to a pre-sentence investigation, and was

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a0(32).

sentenced by the Honorable Kathleen A. Durkin to sixteen to forty months' incarceration followed by five years' probation.

On appeal, Thompson raises the following issue for our review:

Was the sentence imposed manifestly excessive, unreasonable and an abuse of discretion where the court failed to consider the nature and characteristics of the defendant and her need for rehabilitation before imposing a sentence of total confinement.

Brief of Appellant, at 4.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citations omitted).

We have carefully reviewed the record, including the transcript of the December 16, 2013 guilty plea/sentencing hearing. Because Thompson did not preserve her challenge to the discretionary aspects of sentence at the hearing or in a motion for reconsideration, we are precluded from reviewing her claim. *See Allen, supra*.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/17/2014</u>