J-A10036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH JEROME JOHNSON | |
| Appellant | No. 1185 MDA 2014 |

Appeal from the Judgment of Sentence June 19, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000798-2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED APRIL 08, 2015**

Appellant Kenneth Jerome Johnson appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas following his jury trial convictions for rape of an unconscious person, sexual assault and indecent assault.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On February 28, 2013, T.P. ("Victim") was consuming alcoholic beverages at the Port Tavern with her friends Athenia Smith, Menunah Sillah, and Jameer Harrod.  N.T., 1/27/14, at 10-12.  Appellant was also at the bar, mostly socializing with Smith.  *Id.* at 13.  When the bar closed, Victim drove her friends back to Smith's house, and Appellant followed them.  *Id.* at 14.

---

[1] 18 Pa.C.S. §§ 3121(a)(3), 3124.1, 3126(a)(4), respectively

After consuming additional alcoholic beverages at the house, with her friends and Appellant, Victim went to sleep on the couch. *Id.* at 23. Victim awoke to find Appellant's penis in her vagina. *Id.* at 25. Victim fought Appellant off of her and eventually chased him out of the house. *Id.* at 28-30.

On January 28, 2014, a jury convicted Appellant of the aforementioned charges. On June 19, 2014, the court sentenced Appellant to 81-168 months' incarceration, followed by 3 years' probation, for rape of an unconscious person. The other convictions merged for sentencing purposes. On July 14, 2014, Appellant timely filed a notice of appeal. On July 22, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on July 25, 2014.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IMPOSING A MINIMUM SENTENCE OF 81 MONTHS, A SENTENCE WITHIN THE STANDARD RANGE OF THE SENTENCING GUIDELINES, WHERE THE APPELLANT'S CONDUCT WAS LESS THAN EGREGIOUS, HE WAS FOUND NOT TO BE A SEXUALLY VIOLENT PREDATOR, AND HIS EXEMPLARY CONDUCT BETWEEN THE TIME OF HIS ARREST AND SENTENCING?

Appellant's Brief at 4.

In his sole issue on appeal, Appellant challenges the discretionary aspects of his sentence. He argues his sentence is unreasonable in light of his history, character, and rehabilitative needs. We disagree.

When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the trial court has abused its discretion. *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa.Super.2014). "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Presently, Appellant filed a timely notice of appeal and preserved his issues in a post-sentence motion. Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Therefore, we must determine whether Appellant raises a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

Additionally, "a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law." ***Commonwealth v. Mouzon***, 812 A.2d 617, 623 (Pa.2002).

Here, the court sentenced Appellant to 81-168 months' incarceration, followed by 3 years' probation. The minimum sentence falls within the guideline range of 72-90 months' incarceration. Thus, Appellant's bald assertion that his sentence is too harsh fails to raise a substantial question for review. ***See Mouzon, supra.***

Judgment of sentence affirmed.

President Judge Gantman joins in the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2015

- 4 -