J-S16004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD GREGORY | |
| Appellant | No. 1571 EDA 2014 |

Appeal from the Judgment of Sentence May 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011340-2012

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED FEBRUARY 09, 2016**

Appellant Ronald Gregory appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his *nolo contendere* plea to rape, involuntary deviate sexual intercourse ("IDSI"), robbery, and burglary.[1]  We affirm.

The trial court set forth the relevant facts of this appeal as follows:

> [O]n July 26, 2012, at approximately 11:00 p.m., Appellant entered the home of ["Victim"], located at 5306 Wayne Avenue in Philadelphia. He did not know [Victim] nor did he have her permission to be there. [Victim], who was 78 years old at the time, was sleeping when Appellant entered her bedroom. He penetrated the senior complainant vaginally, anally and orally, before ejaculating on her face. Appellant then took her fanny pack containing U.S. currency and personal items, including photographs,

---

[1] 18 Pa.C.S. §§ 3121(a)(1), 3123 (a)(1), 3701 (a)(1)(ii), and 3502(a)(1), respectively.

and also took her television. (*See* N.T., 12/02/13, pp. 9-10).

In addition to forensic analysis which matched Appellant to the semen from [Victim's] face, as well as positive rape kit analysis -- an eyewitness observed Appellant leaving [Victim's] residence carrying a television. (See N.T., 12/02/13, pp. 10-11).

After comprehensively colloquying Appellant, this [c]ourt accepted his *nolo contendere* plea as knowingly and voluntarily entered.

Trial Court Opinion, filed May 13, 2015 at 2.

On May 2, 2014, the court sentenced Appellant to an aggregate term of eighteen (18) to forty-seven (47) years' incarceration.[2] Appellant filed a motion for reconsideration of sentence, which the court denied on May 13, 2014. On May 20, 2014, Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

DID THE COURT COMMIT AN ABUSE OF DISCRETION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION OF 18 TO 47 YEARS IN PRISON WHEN THE SENTENCING GUIDELINES CALLED FOR 60 TO 78 MONTHS['] INCARCERATION?

Appellant's Brief at 9.

_____

[2] The court imposed consecutive sentences of ten (10) to twenty (20) years' incarceration for rape, five (5) to twenty (20) years' incarceration for IDSI, two (2) to five (5) years' incarceration for robbery, and one (1) to two (2) years' incarceration for burglary.

In his sole issue on appeal, Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Instantly, Appellant preserved his issue in a post-sentence motion,[3] filed a timely notice of appeal and included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 12. Thus, we must determine whether Appellant has

---

[3] Appellant's motion for reconsideration of sentence is not included in the certified record, however, the trial court issued the following order: "AND NOW, this 13th day of May, 2014, upon consideration of the within motion for reconsideration of sentence, said motion is hereby DENIED." Trial Court Order, filed May 13, 2014. Although the "within" motion for reconsideration is not attached to the trial court order, the court ruled on it. Under the circumstances of this case, we find Appellant preserved his issue for our review.

raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (internal citations omitted).

Additionally:

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa.Super.2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa.2014) (internal citations omitted).

Here, Appellant argues the court abused its discretion by imposing his sentences consecutively, resulting in a manifestly excessive aggregate sentence of 18 to 47 years' incarceration. He further claims the sentencing court failed to consider his rehabilitative needs in fashioning the sentence.

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa.Super.2010), *appeal denied*, 14 A.3d 825 (Pa.2011). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa.Super.2012), *appeal denied,* 75 A.3d 1281 (Pa.2013).

> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

**Dodge**, 77 A.3d at 1270 (emphasis in original).

In **Dodge**, this Court determined an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. **Dodge,** 77 A.3d at 1273.

This Court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." **Commonwealth v. Raven**, 97 A.3d

1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (quoting **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa.Super.2005)).

Based on our review of the foregoing precedents, we conclude that Appellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question. Thus, we grant his petition for allowance of appeal and address the merits of his claim.

We review Appellant's sentencing claim under the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa.Super.2014) (*en banc*), *appeal denied,* 104 A.3d 1 (Pa.2014).

Upon sentencing Appellant, the court stated:

> The offense here is one of the most egregious that I have ever heard. For a 78 year-old woman to endure the type of humiliation, the type of violent assault, the type of disgraceful behavior, just takes your breath away.
>
> I'm sure, [Appellant], your family is as shocked as all of us about the nature of the assault on this victim. A few things can be as horrifying as this. This woman, at the latter stage of her life, has to endure the memory of this assault every single day.

> There are a number of considerations that a judge weighs in sentencing. Certainly rehabilitation is one of them, prior record, the predicting future criminal activity, the positive aspects of the defendant's life, as well as the punishment that is appropriate for the crime involved. As I said earlier, starting out the day, I was more towards the direction of the assistant district attorney's recommendation because of the nature of the criminal behavior here.
>
> Because I am taking into account what I've been told by the family, as well as [Appellant's] taking of responsibility here, that is not the sentence that he is going to receive today. I do not, however, believe, [Appellant], that a guideline sentence is appropriate either, not in this case.
>
> I do appreciate, again, that there has been the sparing of the trial for the victim. She did not have to come in to testify and go through that humiliation in front of a group of strangers, and my sentence will reflect mitigation for that as well.

N.T., May 2, 2014, at 32-33.

The court did not sentence Appellant to 40 to 80 years' incarceration as the Commonwealth suggested, but imposed an aggregate sentence of 18 to 47 years' incarceration for his crimes, so that he could be released from prison when his is 43 years old. The court's imposition of consecutive sentences did not result in an unduly harsh sentence, considering Appellant's crimes. Further, the court reviewed the presentence investigation report, listened to testimony of several family members and counsel regarding his rehabilitative needs, and ordered Appellant to complete his GED and undergo anger management. We see no abuse of discretion in the sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016