J-S25006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL RHODY, | |
| Appellant | No. 419 WDA 2015 |

Appeal from the Judgment of Sentence February 11, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011813-2011

BEFORE: FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

DISSENTING MEMORANDUM BY JENKINS, J.: **FILED MAY 12, 2016**

I respectfully dissent. Because Appellant did not properly preserve his challenge to the discretionary aspects of his sentence, I would affirm the judgment of sentence.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.***

Here, Appellant failed to invoke this Court's jurisdiction because he did not properly preserve his issue. Appellant was sentenced on February 11, 2015, and he did not raise any challenge to the discretionary aspects of his sentence during his sentencing hearing. Because February 21, 2015 fell on a Saturday, he had until Monday, February 23, 2015 to timely file a post-sentence motion. ***See*** Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition"); 1 Pa.C.S. § 1908 (when computing the 30-day filing period, "[if] the last day of any such period shall fall on Saturday or Sunday… such day shall be omitted from the computation."). Although Appellant's certificate of service claims he effectuated service on February 18, 2015, the certified record and docket reflect he did not file the post-sentence motion until February 24, 2015.

I do not believe Appellant has invoked our jurisdiction over his challenge to the discretionary aspects of his sentence. Accordingly, I dissent.