J-A22005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYON JAMES EYER | |
| Appellant | No. 123 MDA 2016 |

Appeal from the Judgment of Sentence December 21, 2015
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000160-2015
CP-19-CR-0000161-2015
CP-19-CR-0001000-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 10, 2016**

Bryon Eyer appeals from his aggregate judgment of sentence of 21-42 months' imprisonment for two counts of receiving stolen property ("RSP"), both graded as third degree felonies, and criminal mischief, graded as a third degree misdemeanor.[1]  Eyer contends that the trial court improperly sentenced him in excess of the standard Sentencing Guidelines.  We affirm.

On September 14, 2015, Eyer entered open guilty pleas to (1) one count of RSP (a tractor valued at $27,788.44) at No. 161-2015, (2) a second count of RSP (currency, a chain saw and other machinery valued at $9,097.82) at No. 1000-2014, and (3) one count of criminal mischief at No.

---

[1] 18 Pa.C.S. §§ 3925(a) and 3304(a)(5), respectively.

1

160-2015. The trial court ordered a presentence investigation report ("PSI"). The PSI stated that Eyer's prior record score was 5 on all counts, mainly because Eyer had 5 prior convictions for theft by unlawful taking, 2 prior convictions for burglary and one prior conviction for receiving stolen property. His offense gravity score at No. 161-2015 was 6 because the stolen property was worth more than $25,000.00.

On December 21, 2015, Eyer appeared for sentencing. Due to his prior record score, the standard range sentence for his most serious offense, receiving stolen property in the amount of $27,788.44, was 21-42 months' imprisonment. Sentencing Hearing ("SH"), at 3. Eyer asked the court to consider several mitigating circumstances, including his employment record as a foreman for J.F. Kiely, his medical treatment for nonalcoholic fatty liver disease and heart problems, and marital problems. SH, at 3-5. Eyer also stated that he made "bad choices" and was "stupid." SH, at 7, 9, 10.

The trial court sentenced Eyer to 21-42 months' imprisonment on the RSP count at No. 161-2015 and ordered him to pay $27,788.44 in restitution. The court imposed concurrent sentences of imprisonment on the other two counts.

Eyer did not file post-sentence motions. On January 11, 2016, the Commonwealth filed a motion to reduce restitution at No. 161-2015 from $27,788.44 down to $1,464.46. In an order docketed on January 13, 2016, the court granted the Commonwealth's motion and reduced Eyer's restitution at No. 161-2015 to $1,464.46.

On January 19, 2016, Eyer filed a notice of appeal. Both Eyer and the trial court complied with Pa.R.A.P. 1925.

Eyer raises one issue in this appeal: "The court below erred and abused its discretion in the imposition of sentence/propriety of the sentence imposed." Brief For Appellant, at 11.

This claim raises a challenge to the discretionary aspects of Eyer's sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.

Eyer claims simply that his sentence is excessive. He has waived this argument by failing to object to the excessiveness of sentence at sentencing and failing to file a post-sentence motion objecting to his sentence. He also waived this argument by failing to include a separate section in his brief which presented "a concise statement of the reasons relied upon for

- 3 -

allowance of appeal with respect to the discretionary aspects of [his] sentence." Pa.R.A.P. 2119(f).[2]

In any event, Eyer's sentence is not excessive. The sentencing court had the benefit of a PSI, so we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa.1988); *see also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super.2005) (if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, Eyer's sentence of 21-42 months' imprisonment is at the low end of the standard range for defendants with an offense gravity score of 6 and a prior record score of 5. The combination of a PSI and a standard range sentence defeats Eyer's claim of excessiveness. *See Commonwealth v. Cruz–Centeno*, 668 A.2d 536, 545-46 (Pa.Super.1995) (sentence not excessive or unreasonable where court had PSI and imposed standard range sentence).

Judgment of sentence affirmed.

---

[2] Although the Commonwealth did not object to the lack of post-sentence motions or a Rule 2119(f) section in Eyer's brief, we may still raise these defects given *Allen's* statement that an appellant must satisfy these requirements to "invoke this Court's jurisdiction." *Id*. at 1064.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/10/2016</u>