J-S21010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLAIR WOODSON BATES | |
| Appellant | No. 879 WDA 2016 |

Appeal from the Judgment of Sentence June 2, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000677-2016

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:  **FILED MAY 09, 2017**

Clair Woodson Bates appeals from the judgment of sentence, entered in the Court of Common Pleas of Erie County, after he pled guilty to one count of driving under the influence (DUI) – highest rate (second offense).[1] Upon careful review, we affirm.

On April 29, 2016, Bates entered a plea of guilty[2] to the above charge, stemming from an incident that occurred on August 28, 2015, in which he

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(c).

[2] That same day, Bates entered a second guilty plea at another docket number to accidents involving death or personal injury, 75 Pa.C.S.A. § 3742(a), and reckless driving, 75 Pa.C.S.A. § 3736(a). These charges stemmed from an incident that occurred on November 4, 2015 and resulted in serious injury to the victim. On these charges, Bates was sentenced to 12
*(Footnote Continued Next Page)*

drove his 2003 Chevrolet Cavalier in Erie County with a blood-alcohol content of .160. On June 2, 2016, the court sentenced Bates to 24 to 48 months' incarceration, plus a fine of $1,500. On June 8, 2016, the court amended the sentence, reducing it to 12 to 24 months' incarceration.

On June 17, 2016, Bates filed a timely notice of appeal, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Bates challenges the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

to 24 months of incarceration, which was imposed concurrently to his sentence in the instant case.

Here, Bates failed to preserve his claim either by raising it at sentencing or filing a post-sentence motion challenging his sentence. Moreover, he has failed to raise a substantial question for our review.[3] **See Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (allegation that sentencing court failed to consider certain mitigating factors generally does not raise substantial question). Because Bates has not satisfied two of the four requirements necessary to invoke this Court's jurisdiction to review the discretionary aspects of his sentence, we are unable to review the merits of his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2017

---

[3] Bates Pa.R.A.P. 2119(f) statement characterized his claim as follows:

> The fundamental norm violated was that the sentence was manifestly excessive in that it was not individualized. The specific portion of the [Sentencing] Code violated was 42 Pa.C.S. § 9781, which requires that a sentence not be clearly unreasonable. Specifically, the [c]ourt's sentence did not take into account the fact that [Bates] apologized for his actions and apologized to the victim.

Brief of Appellant, at 3.