J-S65017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN M. GARDNER | |
| Appellant | No. 363 MDA 2018 |

Appeal from the Judgment of Sentence imposed January 22, 2018
In the Court of Common Pleas of Tioga County
Criminal Division at No: CP-59-CR-0000132-2016

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 07, 2019**

Appellant, Justin M. Gardner, appeals from the judgment of sentence the Court of Common Pleas of Tioga County imposed on January 22, 2018. On appeal, Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The factual background and the procedural history are not at issue here. Briefly, on April 28, 2017, Appellant pled no contest to indecent assault by forcible compulsion, a misdemeanor of the third degree.  On January 22, 2018, the trial court sentenced Appellant outside the sentencing guidelines to two and one-half to five years of prison.  Appellant timely filed for reconsideration, which the trial court denied.  This appeal followed.

On appeal, Appellant argues the sentencing court abused its discretion for not giving more weight to his lack of a prior criminal record history, and for failing to provide a sufficient basis for deviating upward from the sentencing guidelines.  We disagree.

Our review of discretionary aspects of sentencing claims implicates the following principles:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered:  An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010) (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."  *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).  As this Court explained in *Allen*,

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**

Appellant meets the first three requirements. We must therefore consider whether there is a substantial question that Appellant's sentence is inappropriate under the Sentencing Code.

An allegation that the sentencing court failed or did not adequately consider Appellant's prior record score does not necessarily raise a substantial question. **See Moury**, 992 A.2d at 171. However, to the extent that Appellant argues that the sentencing court did not provide sufficient reasons for its upward departure, Appellant raises a substantial question for our review. **See**, **e.g.**, **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) ("Where the appellant asserts that the trial court failed to state sufficiently its reasons for imposing sentence outside the sentencing guidelines, we will conclude that the appellant has stated a substantial question for our review.") (citation omitted). Accordingly, we address the merits of Appellant's claims.

> In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence.

The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.

When evaluating a challenge to the discretionary aspects of sentence . . . it is important to remember that the sentencing guidelines are advisory in nature. If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination. [O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not un reasonable [(sic)], we must affirm a sentence that falls outside those guidelines.

A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons which compelled [it] to deviate from the guideline range.

*Commonwealth v. Shull*, 148 A.3d 820, 835–36 (Pa. Super. 2016) (citations and quotation marks omitted).

We note that the trial court reviewed the presentence investigation report, and, thus, "we presume that the court properly considered and weighed all relevant factors in fashioning [Appellant's] sentence," *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013), including Appellant's prior record score and the offense gravity score. Further, the record reveals that the trial court heard and considered the victim's remarks, arguments by the Commonwealth and Appellant's counsel, and afforded

Appellant the opportunity to address the matter prior to the imposition of his sentence. The trial court explained the sentence imposed as follows:

> The [c]ourt notes in justifying the imposition of a sentence outside the guidelines that [Appellant]'s behavior in this series of events represents the actions of a person who serially preys upon vulnerable victims and the [c]ourt believes the guidelines as calculated are not appropriate or applicable in this sentence and believes that the sentence imposed herein is necessary for the purpose of punishment and rehabilitation more so and additionally for the purpose of public protection.

Trial Court Order, 1/23/18, at 1; **see also** N.T. Sentencing, 1/22/18, at 27.

While Appellant believes that his prior record score warranted a more lenient sentence, the sentencing court found that the gravity of the crime, Appellant's rehabilitation needs, and protection of the public considerations outweighed Appellant's prior record score, justifying a sentence outside of the sentencing guidelines. We find no abuse of discretion in doing so.

Similarly, while its explanation was brief, we note that the sentencing court stated adequate reasons in support of the sentence imposed. "Although a 'sentencing judge must state his or her reasons for the sentence imposed, a discourse on the court's sentencing philosophy . . . is not required.'" **Commonwealth v. Hill**, 629 A.2d 949, 953 (Pa. Super. 1993) (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2019