J-S30017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BOBBY L. SHOWELL | |
| Appellant | No. 142 EDA 2014 |

Appeal from the PCRA Order December 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0208111-2006

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

CONCURRING MEMORANDUM BY JENKINS, J.:     **FILED OCTOBER 6, 2015**

I concur because, like the majority, I believe we should affirm the order denying Appellant's petition for relief. I write separately because I disagree with the trial court's analysis of Appellant's ineffective assistance of counsel claim as it pertains to his counsel's failure to file a motion for reconsideration of sentence.

Appellant argues his counsel was ineffective for failing to timely file a motion for reconsideration of sentence after the Philadelphia County Court of Common Pleas sentenced him to an aggregate term of thirty-one (31) to sixty-two (62) years' incarceration. He avers that counsel had no strategic basis for filing the motion late, and that he suffered prejudice in that he could not argue discretionary aspects of sentencing claims on appeal.

This Court follows the **Pierce**[1] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-*i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

**Commonwealth v. duPont**, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct. 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted). "If an appellant fails to prove by a preponderance of the evidence any of the **Pierce** prongs, the Court need not address the remaining prongs of the test." **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (Pa.2010) (citation omitted).

The trial court reasoned:

> In the case *sub judice*, Appellant was not entitled to a reconsideration of his sentence and a motion to obtain post sentence relief would not have been granted.[…] The

---

[1] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

[c]ourt would not have granted a motion for reconsideration of sentence and trial counsel will not be deemed ineffective for failing to pursue a meritless motion.

Trial Court Opinion at 7-8.

I agree with the trial court that it would not have granted Appellant's motion for reconsideration of sentence, however, the motion would have properly preserved his sentencing issue in this Court.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**

Here, the court sentenced Appellant on January 10, 2007. His counsel filed a post sentence motion on January 24, 2007, which challenged the discretionary aspects of his sentence. Counsel could not have had a strategic reason for filing the motion late.

On December 26, 2007, Appellant filed a PCRA petition requesting his appeal rights be reinstated *nunc pro tunc*, however, he did not seek, and the

- 3 -

trial court did not grant, reinstatement of the right to file post-sentence motions *nunc pro tunc.* After the trial court reinstated his appeal rights, Appellant appealed to this Court and his failure to timely file a post-sentence motion resulted in Appellant waiving his claim challenging the discretionary aspects of his sentence on appeal. **See *Commonwealth v. Showell***, 3437 EDA 2007, unpublished memorandum at 7-8 (Pa.Super., filed December 29, 2009) ("Appellant's failure to file timely post-sentence motions waives any complaint concerning sentence that does not involve the lawfulness of the sentence itself.").

Counsel's failure to timely file a post-sentence motion resulted in Appellant waiving his discretionary aspects of sentencing claims on appeal in this Court.[2,3] Although I disagree with the trial court's ineffective assistance of counsel analysis ending with its conclusion that it would not have granted Appellant's post-sentence motion, ultimately Appellant suffered no prejudice.

In analyzing why it would not have granted a motion for reconsideration of sentence, the court reasoned:

> The sentence imposed in the instant case does not violate any provision of the Sentencing Code and is within the

---

[2] We note that Appellant did not claim appellate counsel was ineffective for failing to request his right to file post-sentence motions *nunc pro tunc*.

[3] "[C]ounsel's failure to file post-sentence motions does not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice." ***Commonwealth v. Fransen,*** 986 A.2d 154, 158 (Pa.Super.2009).

fundamental norms underlying the sentencing scheme. Before imposing sentence the [c]ourt considered the Sentencing Guidelines, Appellant's testimony, the Presentence Mental Health Evaluation, and arguments of counsel. At no time did Appellant show remorse for his crimes, but rather, he steadfastly asserted his right as a parent to inflict such discipline and repeatedly attempted to justify his horrific crimes against this eight year old child. Under the circumstances presented by this case, the sentence of the [c]ourt is not excessive and is consistent with the Sentencing Guidelines.

Trial Court Opinion at 7 (citations to the record omitted).

This Court would not have granted Appellant's appeal if he had properly preserved his sentencing issue because the trial court did not abuse its discretion in sentencing him. Thus, he has suffered no prejudice.

I agree with the analysis of the majority and the trial court on all other issues.

Gantman, P.J. joins this Concurring Memorandum.