J-S30040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLENA KEGLER | |
| Appellant | No. 2175 EDA 2015 |

Appeal from the Judgment of Sentence June 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0400351-2005

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                     **FILED MAY 02, 2016**

Appellant Charlena Kegler appeals from the judgment of sentence entered on June 23, 2015 in the Philadelphia County Court of Common Pleas following the revocation of her probation.  We find Appellant waived her discretionary aspects of sentencing claim and affirm the judgment of sentence.

The trial court set forth the following factual and procedural history:

> [Appellant] was arrested [on] July 28, 2000 for forging checks at area banks.  Shortly after her arrest, she disappeared and her whereabouts remained unknown for nearly the next five years.  On May 19, 2005, [Appellant] finally appeared before [the c]ourt and pled guilty to [f]orgery,[1] graded as a felony of the third degree. Pursuant to her negotiated sentence, [the c]ourt sentenced her to two years reporting probation.  [Appellant] was

---

[1] 18 Pa.C.S. § 4101(a)(1).

ordered to seek and maintain employment, stay out of trouble with the law, and pay all fines, costs, and restitution.

Subsequently, [Appellant] absconded from supervision and wanted cards were issued on July 18, 2005. She was apprehended by authorities more than two years later on October 31, 2007, and a court date was scheduled for December 7, 2007. On that date, [Appellant] appeared briefly in the courtroom but disappeared before her case was called. Wanted cards were issued once again. [Appellant] remained at large until she was arrested a year and a half later on July 25, 2009. She appeared before [the c]ourt on August 20, 2009, at which time [the c]ourt found her to be in technical violation of her sentence for absconding from supervision. [The c]ourt revoked her probation and sentenced her to 11 1/2 to 23 months county incarceration plus 5 years reporting probation. [Appellant] was ordered to complete a drug treatment program, enroll in job training, complete parenting classes, earn her GED, and pay costs, fines and restitution at a rate of $25 per month.

On February 18, 2010, [Appellant] was paroled to an intensive residential drug and mental health treatment program at Gaudenzia House. Upon completing this program, [Appellant] was instructed to enroll in outpatient drug treatment. On January 3, 2012, she provided her probation officer with a certificate of completion from Gaudenzia outpatient services; however, she tested positive for PCP, marijuana and benzodiazepine use. Throughout the summer of 2012, [Appellant] continued to test positive for drug use. Her probation officer provided her with referrals to dual diagnosis outpatient treatment centers[,] but she never enrolled. On September 27, 2012, [Appellant] admitted herself to the psychiatric unit of Hahnemann University Hospital. She was discharged on October 2, 2012 and immediately absconded from supervision. Her whereabouts remained unknown until she was arrested [on] May 7, 2015, after she violated a Protection From Abuse order (PFA).

On June 23, 2015, [Appellant] appeared before [the c]ourt for her second violation hearing. First, [the c]ourt reviewed [Appellant's] criminal history since her first

appearance before [the c]ourt in 2005. Defense counsel asked that [the c]ourt order a presentence investigation report as well as a forthwith mental health evaluation, arguing that [Appellant's] mental health problems were undiagnosed and that she was apprehended by authorities after she tried to commit suicide and not because she violated a PFA. [The c]ourt denied that request, finding that [Appellant's] mental health issues were already well known, as she received dual diagnosis treatment while at Gaudenzia House and her probation officer gave her numerous referrals to dual diagnosis outpatient treatment centers. [Appellant] chose not to enroll herself in these programs. (N.T.[,] 6/23/15, p. 2 -12).

Defense counsel then insisted that a forthwith psychiatric evaluation was necessary, although she admitted that she had barely spoken with [Appellant] prior to the violation hearing beyond asking [Appellant] two questions about her arrest. [The c]ourt then conducted an on-the-record colloquy, asking [Appellant] her age, education, history of mental illness, medication use, and whether she understood why she was in court. [Appellant] responded that she understood she was in court because she was not reporting to her probation officer, had absconded from supervision and had been using drugs. [Appellant] explained that she attempted suicide in March 2015, and as a result, received inpatient treatment in a mental health facility where she was prescribed the drug Haldol and later Risperdal. Based upon this colloquy, [the c]ourt determined that a forthwith psychiatric evaluation was unnecessary, that [Appellant] was in fact assisting her lawyer, and that [Appellant] was competent to proceed with the violation hearing. *Id.* at 13-18.

Defense counsel recommended a [forensic intensive recovery ("FIR")] evaluation for dual diagnosis treatment and that [Appellant] receive supervision from the Mental Health Unit. If [the c]ourt chose to impose a term of incarceration, defense counsel asked that a county sentence be imposed, that [Appellant] undergo drug treatment and eventually enter a work release program where she could earn her GED. *Id.* at 18-19.

The Commonwealth argued that [Appellant] absconded from supervision three times over the last 10 years, and

that all of the local and county resources had proved unsuccessful at helping [Appellant] rehabilitate herself. The Commonwealth recommended a state sentence. *Id.* at 19 -20.

[Appellant] spoke next on her own behalf. She apologized for thumbing her nose at the [c]ourt and acknowledged that she needed help. She asked for a long-term treatment program and requested that she serve any term of incarceration in the county jail so she could be close to her family. *Id.* at 20.

[The c]ourt found [Appellant] in technical violation for absconding from supervision, testing positive for drug use, and not completing any of the terms and conditions of her sentence. [The c]ourt noted that [it] had reviewed [Appellant's] treatment summary from Gaudenzia House, dated May 11, 2014,[2] and that at that time, [Appellant] had been diagnosed with bipolar disorder, depression, and polysubstance abuse of Xanax, alcohol and PCP. [The c]ourt terminated Appellant's parole and revoked her probation. [Appellant] was sentenced to 2 1/2 to 5 years['] state incarceration, with credit for time served. [The c]ourt recommended that [Appellant] serve her sentence at SCI-Chester where she could receive dual diagnosis treatment. [The c]ourt ordered Defendant to complete parenting classes, earn her GED, and enroll in job training. [Appellant] was deemed Recidivism Risk Reduction Incentive (RRRI) eligible.

Opinion, 10/8/2015, at 1-4 ("1925(a) Opinion"). On July 23, 2015, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

_____

2 At sentencing, Appellant's attorney stated Appellant provided documentation from Gaudenzia and that she was at Gaudenzia from February 11, 2014 to May 12, 2014. N.T., 6/23/2015, at 6.

Appellant raises the following issue on appeal:

> Did not the probation revocation court violate the tenets of the Sentencing Code by sentencing [A]ppellant to a 2 1/2 to 5 year term of total confinement for technical violations only, where [A]ppellant had not been convicted of a crime for ten years, where the court did not take into consideration [A]ppellant's rehabilitative needs and declined to order a pre-sentence investigation or mental health evaluation even though [A]ppellant's last pre-sentence investigation report was from 2009 and she had recently been diagnosed with severe mental illnesses and had attempted suicide?

Appellant's Brief at 3. This issue challenges the discretionary aspects of Appellant's sentence.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (quoting *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064. To preserve a challenge to the discretionary aspects of a sentence, an appellant must raise the issue "in a post-sentence

motion or by presenting the claim to the trial court during the sentencing proceedings." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa.Super.2013) (quoting ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa.Super.2011)). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Id.***

Although Appellant filed a timely notice of appeal and her appellate brief contains a statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), she failed to file a post-sentence motion or object to the sentence at the sentencing hearing. Because she failed to file a post-sentence motion or object at the sentencing hearing, her claim challenging the discretionary aspects of her sentence is waived. ***Cartrette***, 83 A.3d at 1042-43.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2016