J-S68014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES KEYS, | |
| Appellant | No. 1761 WDA 2015 |

Appeal from the Judgment of Sentence October 7, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008520-2013

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 30, 2016**

Appellant James Keys appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County, following revocation of his probation.  The judgment of sentence entered on October 7, 2015, was rendered final by the denial of Appellant's post-sentence motion on October 20, 2015.  We affirm.

The trial court recounted the relevant history as follows:

> In this case, [Appellant] originally pled guilty to one count of robbery on December 11, 2013.  On March 31, 2014, he was sentenced to a term of imprisonment of not less than nine months nor more than 18 months followed by three years' probation.  On October 7, 2015, [Appellant] appeared before this [c]ourt to address allegations that he violated the terms of his probation due to a conviction on July 7, 2015 for terroristic

---

[*]  Retired Senior Judge assigned to the Superior Court.

threats and criminal mischief. The conviction stemmed from [Appellant's] actions on December 23, 2014 when he threatened to kill his ex-paramour and flattened tires of her automobile. [Appellant] attempted to physically assault his ex-paramour but was stopped from doing so by his 12 year-old son. He was sentenced to a term of imprisonment of not less than three months nor more than six months. On that date, this [c]ourt revoked [Appellant's] probation and imposed a term of incarceration of not less than 18 months nor more than 48 months followed by three years' probation. This appeal followed.

Trial Court Opinion, 1/19/16, at 1–2.

Appellant raises the following issue on appeal: "Was the sentence of eighteen to [forty-eight] months of incarceration, manifestly excessive and an abuse of discretion, where the court did not consider the availability of community-based resources to address Mr. Keys' serious rehabilitative needs?" Appellant's Brief at 7 (full capitalization omitted).

As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 915 (Pa. Super. 2010) (an appellant's claim that his sentence is excessive implicates the sentence's discretionary aspects). This Court has held that our scope of review in an appeal "from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013). Nonetheless, Appellant's challenge to the discretionary aspect of his sentence does not entitle him to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted). Rather, before this Court can address such a discretionary challenge, an appellant must satisfy a four-part test:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Appellant herein filed a timely notice of appeal and preserved his issue in a post-sentence motion to reconsider his sentence. Additionally, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 12. Thus, we turn to whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (quoting *Prisk*, 13 A.3d at 533).

We conclude that Appellant's assertion that the trial court failed to consider his rehabilitative needs resulting in an excessive sentence raises a substantial question. *See Commonwealth v. Baker*, 72 A.3d 652, 662

- 3 -

(Pa. Super. 2013) (finding, *inter alia*, assertion that trial court failed to account for an appellant's rehabilitative needs was substantial question suitable for review). Accordingly, we grant Appellant's petition for allowance of appeal and address the merits of his claim.

Appellant's allegation that the sentencing court did not consider that his rehabilitative needs would be best served by community-based resources is contradicted by the transcript of the probation revocation proceeding. At the hearing, a representative from Allegheny County Adult Probation, Ashley Lynn, related that Appellant had been previously paroled to Justice Related Services "Pyramid's 3/4 house." N.T., 10/7/15, at 17. She recalled that when Appellant discovered that his stay at the Pyramid house could extend beyond thirty days, "he was very agitated, very disrespectful with staff." *Id*. Ms. Lynn further informed the court: "There were allegations from the program that [Appellant] had been cheating his medications, snorting his medications, not following program rules. [Appellant] threatened to leave the program. When [Appellant] was confronted about these, he advised that Probation would never find him." *Id.*

After considering the testimony and entertaining argument of counsel, the sentencing court stated: "I did read the presentence report and I did read that [Appellant] threatened to leave [the Pryamid 3/4 house]. . . . And, indeed, after the [c]ourt addressed him, [Appellant] left and got on the phone and said he didn't care what the [c]ourt said. . . . [Appellant]

- 4 -

indicated he won't follow the rules." N.T., 10/7/15, at 20. After the court announced that it was imposing a term of incarceration, it addressed Appellant: "I will not agree with a sentence that allows you to walk out the door and you can do whatever you want." *Id.* at 23–24.

The sentencing court further explained its reasons in its opinion filed pursuant to Pa.R.A.P. 1925(a) why community-based resources would not address Appellant's rehabilitative needs:

> The record in this case supports the sentence imposed by this [c]ourt. This [c]ourt considered the presentence report. The presentence report and the probation officer at the revocation hearing set forth a history of [Appellant's] non-compliance with various jail programs and [Justice Related Services] plans during his original incarceration on this case. [Appellant] was recorded on a jail telephone boasting that he would not follow this [c]ourt's orders. This [c]ourt is particularly concerned that [Appellant] has disregarded this [c]ourt's admonition that he not have contact with his ex-paramour. This [c]ourt had made such a provision a condition of the probation imposed in the underlying terroristic threats offense that caused his probation to be violated. Nothing less than a sentence of total confinement is appropriate in this case because [Appellant] is an actual, physical threat to his ex-paramour. Considering [Appellant's] brazen willingness to defy court orders, this [c]ourt was not willing to risk the safety of [Appellant's] ex-paramour by imposing a non-custodial sentence that provided for mental health treatment. This [c]ourt recognized that [Appellant] may have mental health issues and may [require] treatment but due to his conscious, repeated decisions to avoid taking medication, this [c]ourt believed that rehabilitation and treatment should occur while [Appellant] was incarcerated and under the security of a prison. In sum, this [c]ourt imposed the sentence it did because of [Appellant's] refusal to follow court directives and the risk of danger he posed to his ex-paramour.

Trial Court Opinion, 1/19/16, at 4–5.

Thus, it is evident that the sentencing court considered Appellant's prior efforts at rehabilitation supervised by community-based resources to be unsatisfactory. The court also noted Appellant's statement that he intended to defy the orders of the court. For these reasons, the sentencing court determined that Appellant's rehabilitative needs would be better addressed while serving a term of incarceration. We discern no abuse of discretion in the sentencing court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2016