J-S37017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WHITLEY ELISE SHARP | |
| Appellant | No. 1877 MDA 2016 |

Appeal from the Judgment of Sentence September 27, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002383-2016
CP-22-CR-0002530-2016

BEFORE: STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.: **FILED DECEMBER 05, 2017**

Whitley Elise Sharp appeals from the September 27, 2016 judgment of sentence entered in the Dauphin County Court of Common Pleas following her entry of guilty pleas to endangering the welfare of children ("EWOC"), possession of a controlled substance, and possession of drug paraphernalia.[1] We affirm.

In an August 21, 2017 memorandum, we ordered the trial court to determine why the sentencing transcript in this matter was not transmitted to this Court. We further instructed that if an "extraordinary breakdown in the judicial process" caused the transcript to be excluded from the record, then

_____

[1] 18 Pa.C.S. § 4304(a), 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

Sharp should be allowed to supplement the record with the transcript. Additionally, we instructed the trial court, upon receipt of the transcript, to issue a new Pennsylvania Rule of Appellate Procedure 1925(a) opinion addressing the merits of Sharp's claim.

At a September 7, 2017 hearing, the parties stipulated that there was a breakdown in the Clerk of Courts' office that caused the transcript to not properly appear on the docket or in the Clerk's file. "Based upon counsel's efforts to timely obtain the transcript and complete the record," the trial court allowed the transcript to be filed of record. On November 2, 2017, this Court received the sentencing transcript and a new Rule 1925(a) opinion from the trial court.

On August 11, 2016, Sharp pled guilty to the aforementioned offenses. During that plea,

> Sharp acknowledged that she allowed her boyfriend, the child's father, James Slaughter III, to repeatedly and severely physically abuse the child, that she failed to take any action to protect the child, failed to seek medical attention[,] and that she told the child not to disclose the abuse to anyone.

Trial Ct. Op., 10/31/17, at 1-2 ("1925(a) Op.").

On September 26, 2016, the trial court sentenced Sharp to 3½ to 7 years' incarceration on the EWOC conviction and imposed no further incarceration for the other offenses. On September 28, 2016, Sharp filed a post-sentence motion to modify sentence, alleging that, in imposing a sentence that was outside the aggravated range, the trial court did not

consider the factors set forth in section 9721(b) of the Sentencing Code. *See* 42 Pa.C.S. § 9721(b). The trial court denied the motion on October 19, 2016. On November 11, 2016, Sharp timely filed a notice of appeal.

Sharp's sole issue on appeal is whether the trial court abused its discretion by not considering mitigating factors "where [Sharp]'s conduct was not so egregious to warrant a three and one half to seven . . . years sentence." Sharp's Br. at 8.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we must first determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issue; (3) whether [the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Sharp filed a timely notice of appeal, preserved her discretionary aspects of sentencing claim in a post-sentence motion, and included a concise statement of the reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Further, a claim that the trial court "erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question."

*Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*).

Sharp was sentenced to a statutory maximum sentence that, based on application of the sentencing guidelines to Sharp's conviction, is beyond the aggravated range. Further, Sharp argues that the trial court did not consider mitigating circumstances. Accordingly, Sharp has raised a substantial question for our review.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010). In imposing sentence, the trial court

> shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

Sharp argues that the trial court failed to consider mitigating factors in imposing a lengthy sentence for EWOC. According to Sharp, the trial court did not consider efforts she had made to care for the victim and ensure that he was safe. Sharp also highlights her lack of a prior record score or any evidence that "she has any violent tendencies." Sharp's Br. at 16. In addition, Sharp asserts that the trial court did not consider information in the pre-sentence report that "screamed the need for [Sharp]'s rehabilitation as opposed to an excessive period of incarceration." *Id.* at 16-17. Sharp also

- 4 -

contends that the trial court failed to consider the effect of this incident on her, as she has "cared and loved this child since birth." *Id.* at 17. We disagree.

In its Rule 1925(a) opinion, the trial court explained its imposition of the maximum sentence as follows:

> In imposing the sentence of 3½ to 7 years incarceration, we properly considered the gravity of the instant offense of recklessly endangering a child and [Sharp]'s rehabilitative needs. We cited our reliance upon a thorough Pre-Sentence Report and upon photographs which depicted horrific injuries to [Sharp]'s young child. (Transcript of Proceedings, Sentencing, p. 9) (hereinafter, "N.T."). At sentencing, the Deputy District Attorney stated to the Court that in her 20 years of prosecution of child abuse cases, only in homicide cases, she had seen injuries to a child which looked as these did. (N.T. p. 7). Because the child had soiled his pants, Slaughter beat him on the face and back. (N.T. p. 7; N.T. p. 10). In spite of [Sharp]'s knowledge that Slaughter beat the little boy, she failed to remove him from further harm or seek medical attention. *Id.* We found no mitigation in [Sharp]'s claim that she was victimized by Slaughter and feared him. [Sharp]'s inadequate acknowledgement of responsibility for the harm to her child evidenced significant need for treatment and rehabilitation. (N.T. p. 10).
>
> We acknowledged on the record that sentence fell outside the guidelines. (N.T. pp. 10-11). . . .
>
> Here, we stated on the record our reliance upon the appropriate sentencing factors, namely, that . . . no lesser sentence would reflect the gravity of [Sharp]'s failure to protect her child from grave harm and her need for rehabilitation.

1925(a) Op. at 4-5. At sentencing, the trial court considered mitigating factors presented by Sharp. Not only did the trial court consider the pre-

sentence report,[2] it also considered the comments of Sharp's counsel, including that Sharp told her probation officer that she was attempting to escape the child's father, Sharp was staying in contact with her children, and Sharp had a turbulent childhood marked by abuse. N.T., 9/26/16, at 3-6. "The [trial] court merely chose not to give the mitigating factors as much weight as [Sharp] would have liked." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009). In these situations, "we cannot re-weigh the sentencing factors and impose our judgment in the place of the [trial] court." *Id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2017

---

[2] "Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).