J-S79021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERICK FINNEGAN :
:
Appellant : No. 1064 EDA 2017

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001211-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED FEBRUARY 16, 2018**

Erick Finnegan appeals from the judgment of sentence, entered in the Court of Common Pleas of Bucks County, following his guilty plea to retail theft and abuse of a corpse.[1] After review, we affirm.

Finnegan's instant charges stem from the January 26, 2016 theft of a $200.00 video game system from Kohl's department store in Doylestown Township, Pennsylvania, and his subsequent flight from investigating police officers to his residence in Philadelphia. Additionally, Bensalem Township Police arrested Finnegan in Bucks County on February 17, 2016 after an investigation revealed that he had transported the body of a deceased 25-year-old overdose victim from his apartment at 734 West Russell Street in Philadelphia to the 200 block of Mill Road in Bensalem Township. Finnegan

_____

[1] 18 Pa.C.S.A. § 3929 and 18 Pa.C.S.A. § 5510, respectively.

disposed of the victim's body in thorny roadside foliage after he discovered the deceased victim's body in his apartment.

On October 19, 2016, Finnegan pleaded guilty to theft and abuse of corpse. The trial court sentenced Finnegan to an aggregate sentence of one to two years' imprisonment consecutive to the sentence imposed on his underlying violation of probation ("VOP"). On November 15, 2016, Finnegan filed a post-sentence motion through his new court-appointed counsel seeking a reconsideration of the above sentences and a withdrawal of his guilty plea. Following a hearing, the trial court denied Finnegan's motion by court order dated April 11, 2017. Finnegan filed a timely notice of appeal. Both Finnegan and the trial court have complied with Pa.R.A.P. 1925. On appeal, Finnegan raises the following issue: "Did the lower court err in imposing a sentence of not less than one nor more than two years' incarceration consecutive to the sentence imposed on [Finnegan]'s violating cases." Brief of Appellant, at 4.

Instantly, Finnegan challenges the discretionary aspects of his sentence. Specifically, Finnegan avers that the trial court "failed to seriously consider [his] rehabilitative needs and troubled background." *Id.* at 9. Rule 1925 sets out a simple bright-line rule, which obligates an appellant to file and serve a statement, when so ordered; any issues not raised in a statement will be deemed waived. Pa.R.A.P. 1925(b) ("Issues not included in the [Rule 1925(b)] Statement . . . are waived"). *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. Super. 2011); *Commonwealth v. Commonwealth v. Rolan*, 964 A.2d 398, 409 (Pa. Super. 2008) (where trial court orders appellant to

file concise statement of matters complained of on appeal, any issue not contained in that statement is waived on appeal).

In Finnegan's Rule 1925(b) statement, he claims, "the trial court improperly weighed the mitigating evidence presented by [Finnegan] and the factors presented and argued by the Commonwealth." Pa.R.A.P. 1925(b) Statement, 4/27/2017. However, Finnegan does not raise an excessiveness of sentence claim in his Rule 1925(b) statement. Accordingly, Finnegan has waived his lone argument challenging the discretionary aspects of his sentence.[2] **Hill**, **supra**; **Rolan**, **supra**.

Judgment of sentence affirmed.

_____

[2] Even if we were to address the substance of Finnegan's claim, his challenge to the discretionary aspects of his sentence is meritless. Such challenges do not entitle an appellant to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011). Rather, an appellant must raise a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code" and comply with Pa.R.A.P. 2119(f). **Id.** In his 2119(f) statement, Finnegan baldly asserts that the "Pennsylvania sentencing scheme, as a whole, has been substantially compromised." Brief of Appellant, at 8. Finnegan's allegation does not raise a substantial question, and thus, his claim is meritless. Furthermore, in his brief, Finnegan avers the trial court did not consider his rehabilitative needs. However, the record reflects that the trial court took into consideration Finnegan's family, his enrollment in cosmetology school, his bipolar disorder, and his substance abuse issues. N.T. Probation Hearing, 2/28/17, at 19, 22, 25. **See Commonwealth v. Carrillo-Diaz**, 64 A3d 722 (Pa. Super. 2013) (revocation court conducted appropriate pre-sentence inquiry and was provided with sufficient information to substitute for pre-sentence investigation report ("PSI"), and acted within its discretion in imposing sentence upon revocation without ordering PSI). Accordingly, we find no abuse of discretion by the trial court. **Commonwealth v. Hoch**, 936 A.2d 515, 517-18 (Pa. Super. 2007).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/16/18</u>