J-S50002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID WILLIAM ANTHONY | : | |
| | : | |
| Appellant | : | No. 579 WDA 2017 |

Appeal from the Judgment of Sentence March 15, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000387-2014 and CP-33-CR-0000611-2014

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: FILED DECEMBER 27, 2018

David William Anthony appeals from the judgment of sentence imposed following the revocation of his probation. We affirm.

On December 17, 2014, Appellant pled guilty at CP-33-CR-0000387-2014 to theft by deception, and at CP-33-CR-0000611-2014 to conspiracy to commit forgery. On that same day, the trial court sentenced him at 611-2014 to a prison term of three to twenty-four months (less one day), followed by a consecutive period of three years (plus one day) probation, and at 387-2014 to a concurrent term of five years probation.

On May 21, 2015, Appellant was granted parole at 611-2014. However, on December 15, 2015, a bench warrant for Appellant's arrest was issued at both 611-2014 and 387-2014 based on purported parole/probation violations.

On July 6, 2016, following a Gagnon II[1] hearing, Appellant, having admitted to said violations,[2] was resentenced at 611-2014 to five years probation, and at 387-2015 to a consecutive term of five years probation.

In September of 2016, a detainer was issued for Appellant based on alleged probation violations occurring in April 2016. On March 10, 2017, at CP-33-CR-0000109-2017, Appellant was convicted by a jury of multiple counts of delivery and possession of heroin stemming from sales that he transacted in April 2016. At a Gagnon II hearing conducted on March 15, 2017, the violation of probation ("VOP") court revoked Appellant's probationary sentences, and resentenced him at 611-2014 to a prison term of three and one-half to seven years, and at 387-2014 to a consecutive prison term of two and one-half to five years. Appellant timely filed a motion for reconsideration in both cases, which the VOP court denied. This timely appeal followed.

_____

[1] Gagnon v. Scarpelli, 411 U.S. 778 (1973); see also Commonwealth v. Ferguson, 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (Gagnon I hearing) of probable cause to believe violation was committed; upon finding of probable cause, second, more comprehensive hearing (Gagnon II hearing) follows before court makes final revocation decision).

[2] Appellant failed to meet with his probation officer, used forty bags of heroin over the course of a few days, and used methamphetamine.

Appellant raises the following issue for our review: "Whether the trial court abused its discretion when [re]sentencing . . . Appellant." Appellant's brief at vi (unnecessary capitalization omitted).

Appellant challenges the discretionary aspects of his sentence following the revocation of his probation. Specifically, Appellant argues his aggregate VOP sentence of six to twelve years incarceration was excessive.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. Commonwealth v. Allen, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Id.

Presently, Appellant filed a timely notice of appeal and preserved his issues in a post-sentence motion. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). See Appellant's brief at 4. We now must determine whether Appellant presents a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Prisk, 13 A.3d 526, 533 (Pa.Super. 2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

Id. (internal citations omitted).

In his Rule 2119(f) statement, Appellant claims that a substantial question is presented because the VOP court abused its discretion by imposing the maximum possible sentence at both dockets, and running the VOP sentences consecutively. Appellant's brief at 4.

We conclude that, in this instance, Appellant has raised a substantial question. See Commonwealth v. Williams, 69 A.3d 735, 740 (Pa.Super. 2013) (holding that appellant's claim that a sentence following probation revocation was unreasonably disproportionate to her crimes and unduly excessive raised a substantial question). Accordingly, because Appellant has stated a substantial question, we will consider his issue on appeal.

When reviewing the discretionary aspects of a revocation of probation sentence, we are mindful of the following:

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision

will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

Commonwealth v. Colon, 102 A.3d 1033, 1041 (Pa.Super. 2014) (quotation marks and citations omitted).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). "[T]he [VOP] court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." Commonwealth v. Infante, 63 A.3d 358, 365 (Pa.Super. 2013) (internal quotation marks and citations omitted). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

Our review of the record reveals no error or abuse of discretion on the part of the VOP court. The VOP court was in possession of a presentence investigation report ("PSI") and heard evidence at the revocation hearing regarding Appellant's conduct while he was on probation. The VOP court commented at the revocation hearing that, at the time he committed the new

drug offenses at 109-2017, Appellant was on probation in both Jefferson and Clearfield Counties at three separate dockets, and that there were "three more times that [Appellant] committed criminal activity while on probation." N.T., 3/15/17, at 5, 7. Additionally, the VOP court noted that the evidence presented at Appellant's trial at 109-2017 indicated that Appellant possessed "somewhere between 25 and 30 [bricks] of heroin[,]" which was indicative of "a large amount of dealing." Id. at 6. Thus, the revocation court was provided with sufficient information to make a fully informed sentencing decision following the revocation of Appellant's probation. See Commonwealth v. Pasture, 107 A.3d 21, 29 (Pa. 2014) (holding that where the VOP court was in possession of a PSI and heard evidence regarding defendant's conduct while he was on probation, it was provided with sufficient information to make a fully informed sentencing decision following revocation of probation). Based on these factors, as well as Appellant's prior record score of five, the VOP court concluded that a sentence of total confinement was necessary to vindicate the authority of the court. N.T., 3/15/17, at 7.

Pursuant to Section 9771(c), the VOP court was justified in imposing a sentence of total confinement because Appellant was convicted of additional crimes, and his conduct indicated it was likely he would commit another crime if not incarcerated. See 42 Pa.C.S. § 9771(c)(1)-(2). As the VOP court had the discretion to choose from any of the sentencing options that existed at the time of the original sentencing, it did not abuse its discretion in imposing the

maximum sentences permitted, and running them consecutively.[3]  See 42 Pa.C.S. § 9771(b).  Therefore, no relief is warranted on Appellant's probation revocation sentences at 611-2014 and 387-2014.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2018

_____

[3] The statutory maximum sentence the court could have imposed at 387-2014 on the charge of theft by deception was 60 months imprisonment.  See Guideline Sentence Form, 12/29/14, at 1; 18 Pa.C.S. § 1104(1) (maximum sentence for theft by deception (M-1) is five years imprisonment).  The statutory maximum sentence the court could have imposed at 611-2014 on the charge of conspiracy to commit forgery was 84 months imprisonment.  See Guideline Sentence Form, 12/29/14, at 1; 18 Pa.C.S. § 1103(3) (maximum sentence for conspiracy to commit forgery (F-3) is seven years imprisonment).