J-S26025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FITZGERALD ROBINSON | : | |
| | : | |
| Appellant | : | No. 342 MDA 2025 |

Appeal from the Judgment of Sentence Entered November 26, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001382-2023

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 28, 2025**

Appellant, Fitzgerald Robinson, appeals from the judgment of sentence entered on November 26, 2024, in the Criminal Division of the Court of Common Pleas of Lycoming County, as made final by the denial of his post-sentence motion.  We affirm.

The trial court summarized the factual and procedural history of this case as follows.

> On September 27, 2024, [Appellant] entered an open plea to the charges of fleeing or attempting to elude,[1] a felony of the first degree, endangering the welfare of children,[2] a felony of the second degree, recklessly endangering another person,[3] a

---

[1] 18 Pa.C.S.A. § 3733(a).

[2] 18 Pa.C.S.A. § 4304(a)(1).

[3] 18 Pa.C.S.A. § 2705.

misdemeanor of the second degree, attempted criminal trespass[4] and criminal trespass,[5] felonies of the third degree, [together with the following traffic summaries, including] duties at a stop sign[6] and failure to stop at red signal.[7] [Appellant] acknowledged at his plea [hearing] that on October 1, 2023 he was at [a residence along] Wilson Street [in Williamsport, Pennsylvania] attempting to return his son [to the child's mother] and when he couldn't return him, he called 911. While there[, Appellant] began kicking at the door, and the mother of his son [grew frightened] and did not open the door. There was an active [protection from abuse order] between the parties [in place] at the time. [Appellant] also took a baseball bat to [the vehicle owned by the child's mother,] striking it several times [and] breaking the rear windshield and driver side rear window. He also damaged the driver side mirror and windshield wiper. But when the police came to the scene[, Appellant] drove his vehicle away at a speed greater than for a side street. Despite the officer having activated his emergency lights and siren, [Appellant] continued to drive in excess of the speed limit, disregarded traffic signs and nearly hit a parked vehicle with its door open. To avoid the vehicle, [Appellant] drove into the yard of the residence and continued to travel away from the officer. While continuing to travel at a speed greater than posted, [Appellant] crossed five (5) streets while ignoring stop signs. [Appellant] continued to travel away from the police and happened to arrive at a green traffic light but ran the next light on red. Once police learned that [Appellant's two-year-old] son was in the vehicle, they terminated their pursuit. [Appellant] then ran one more stop sign and red light. Going through the red light, [Appellant's] vehicle was struck in the rear by another vehicle causing [Appellant] to lose control of his vehicle, where he struck a building and came to rest almost entirely inside of the building. Police were able to recover the two-year-old who was improperly restrained in a booster seat without a seat belt. The [trial court] ordered a presentence investigation report [(PSI)] and [a] sentencing [hearing] was scheduled [for] November 27, 2024.

_____

[4] 18 Pa.C.S.A. § 901(a).

[5] 18 Pa.C.S.A. § 901(a).

[6] 75 Pa.C.S.A. § 3323(b).

[7] 75 Pa.C.S.A. § 3112(a)(3).

At the sentencing hearing on November 27, 2024, the parties agreed that [Appellant] had a prior record score of a RFEL (Repeat Felony Offender),[8] which [placed] the standard range for the fleeing charge at 24-36 months, endangering the welfare of children charge at 40-52 months, recklessly endangering and criminal trespass charges 12-24 months, and criminal mischief charge 24-36 months. The [trial court] reviewed [Appellant's PSI] report, official version of the facts, and noted that [Appellant] was on [active supervision and out on bail at the time he incurred the instant charges]. While housed at the county prison[, Appellant] received multiple writeups and served almost 200 days of disciplinary lock up time. The [trial c]ourt also reviewed a social assessment prepared by the Public Defender's office which discussed [Appellant's] history of mental health and physical challenges. The [trial c]ourt also considered the arguments from both attorneys as well.

The [c]ourt sentenced [Appellant] on the charge of fleeing or attempting to elude to 2-4 years to be served in a state correctional institution, endangering the welfare of a child, 4-8 years, and criminal mischief 2-4 years with each sentence to run consecutive to the other for an aggregate sentence of 8-16 years to be served in a state correctional facility[. Appellant moved for reconsideration of his sentence on December 4, 2024, arguing] that the [c]ourt did not give sufficient weight to [his] history and characteristics, age, rehabilitative needs, and mental and physical health issues[. Appellant also cited, as grounds for relief, the lapse of time since the bulk of his prior convictions]. [Appellant] further argued that [his] sentence was unduly harsh and excessive and that the sentence was not consistent with the need for protection of the public, the gravity of the offense or the effect on the victim. Argument on [Appellant's motion to reconsider] was held on February 7, 2025[, and the court denied relief by opinion and order entered on March 10, 2025. Thereafter, Appellant filed a timely notice of appeal and a concise statement of errors on March 11, 2025. On March 13, 2025, the court issued an opinion

_____

[8] The Repeat Felony 1 and Felony 2 Offender category or "RFEL" is used to describe the prior record score of offenders "who have previous convictions or adjudications for Felony 1 and/or Felony 2 offenses which total [six] or more points in the prior record, and who do not fall within the Repeat Violent Offender Category[.]" 204 Pa. Code § 303.4(a)(2).

in compliance with Pa.R.A.P. 1925(a) in which it explained its sentence by adopting its earlier opinion filed on March 10, 2025].

Trial Court Opinion, 3/10/25, at 1-3.

On appeal, Appellant raises the following question for our review.

Whether the sentencing court abused its discretion by imposing a sentence that does not reflect the defendant's history, the amount of confinement is not consistent with the public's need for protection or the gravity of the offense, and the consecutive sentence of 8-16 years is unduly harsh.

Appellant's Brief at 7.

Here, Appellant challenges the discretionary aspects of his sentence. Specifically, he maintains that his aggregate sentence of eight (8) to 16 years was unduly harsh and manifestly excessive, especially because it was: (1) inconsistent with the need to protect the public; (2) imposed without due consideration of Appellant's age, family background, childhood hardships, mental and physical health conditions, and elapsed time since prior convictions; and, (3) overly influenced by Appellant's prior criminal history. *See* Appellant's Brief at 9. Upon review, we are unable to agree that the trial court gave inadequate consideration to Appellant's rehabilitative needs or any mitigating factors and that the court abused its discretion in fashioning Appellant's sentence. Accordingly, we conclude that Appellant's claims merit no relief.

Challenges to the discretionary aspects of sentencing do not compel sentencing review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064

- 4 -

(Pa. Super. 2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Presently, Appellant filed a timely notice of appeal and preserved his issues in a post-sentence motion. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 11-12. Thus, we shall consider whether Appellant presents a substantial question that his sentence is inappropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (internal citations omitted). While our prior precedent is less

than crystal clear, a majority view has emerged that a substantial question is presented when a litigant challenges the imposition of consecutive sentences as unduly excessive, and pairs such a claim with one which asserts that the court failed to consider the defendant's rehabilitative needs and mitigating factors. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015). Thus, we will address the merits of Appellant's discretionary sentencing challenge.

In reviewing sentencing matters, we are mindful of our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9721(b) of the Sentencing Code requires a trial court, in fashioning its sentence, to, *inter alia*, "follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Section 9781 of the Sentencing Code governs appellate review of a sentence imposed by the trial court. It requires this Court to vacate a sentence and remand the case to the trial court if we find "(1) the [trial] court purported to sentence within the sentencing guidelines but applied the guidelines erroneously; (2) the [trial] court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or (3) the [trial] court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(1-3) (formatting modified). Otherwise, this Court shall affirm the judgment of sentence. 42 Pa.C.S.A. § 9781(c). In conducting our review of a judgment of sentence, we "shall have regard for: (1) The nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) The opportunity of the [trial] court to observe the defendant, including any presentence investigation[;] (3) The findings upon which the sentence was based[;] (4) The guidelines promulgated by the commission." 42 Pa.C.S.A. § 9781(d)(1-4) (formatting modified).

In this case, the trial court offered the following explanation for the sentence it imposed.

> [The trial court finds in this case that it] properly weighed and considered all of the relevant factors in fashioning [Appellant's] sentence. The [court] considered all of the factors set forth in 42 Pa. C.S.A. § 9721(b). At the sentencing hearing[,] the [c]ourt discussed the factors that were considered and the specific [factors] upon which [it] based its sentence. **See** N.T. Sentencing Transcript, 11/26/24, at 22-27. [The trial c]ourt cannot find that [Appellant] established that [the c]ourt either ignored or

misapplied the law, exercised judgment out of prejudice, bias or ill will, or [acted in a partial manner. Moreover, in light of the nature of the offense, as established by the evidence introduced at the sentencing hearing, the court finds that the sentence imposed was not manifestly unreasonable]. Each of the sentences imposed by the [c]ourt were within the standard range and [imposed] consecutively based upon the individual actions of [Appellant] and [the] interests to be protected. [Appellant], while on supervision with another county, damaged the property of the mother of his child [] after calling 911 [and, instead of remaining at the scene,] drove away from the residence [and ignored] traffic control devices such as speed limits, stop signs and controlled intersections with an improperly secured small child in the vehicle. Due to the manner in which the vehicle was [] driven, [Appellant] ultimately crashed into a storage building. The [c]ourt found that the amount of confinement was consistent with the need to protect the public[, given the manner in which Appellant operated his vehicle, his past criminal history, the fact that he was on supervision at the time, the consequences of Appellant's actions, and the impact on the victims as expressed] at the time of the hearing. The [c]ourt considered the fact that [Appellant] waived his preliminary hearing and pled guilty[; moreover, it sentenced Appellant] in the standard range despite there being evidence presented by the Commonwealth to justify an aggravated range sentence.

Trial Court Opinion, 3/10/25, at 4-6.

In view of the cogent explanation of the trial court, we discern no basis upon which to award relief. Here, the trial court, acting with the benefit of a PSI report,[9] sentenced Appellant within the standard range of the sentencing guidelines. Sentences imposed under such conditions carry a strong presumption that they are appropriate. *See Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) (stating, "where the [trial] court imposed a

---

[9] The PSI report was not included in the certified record, but both the trial court and Appellant's counsel refer to the report throughout the sentencing hearing. Hence, we shall assume that the trial court received and reviewed the document.

standard-range sentence with the benefit of a [PSI] report, we will not consider the sentence excessive"); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (stating, "where a sentence is within the standard range of the [sentencing] guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"); *see also Commonwealth v. Knox*, 219 A.3d 186, 199 (Pa. Super. 2019) (stating that, when a trial court orders and reviews a PSI report prior to sentencing, this Court presumes the trial court "was aware of all relevant sentencing factors"), *appeal denied*, 228 A.3d 256 (Pa. 2020); *see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (stating that, "[i]t would be foolish, indeed, to take the position that if a [trial] court is in possession of the facts, it will fail to apply them to the case at hand"); *Commonwealth v. Alameda*, 339 A.3d 504, 513 (Pa. Super. 2025) (reiterating that, "[w]here the trial court has the benefit of reviewing a PSI [report], we must presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"). For each of the reasons set forth above, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2025